# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| HORACE R. NUNLEY, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 3:11-cv-00308 |
| | ) | Judge Trauger |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## M E M O R A N D U M

The movant, proceeding *pro se*, has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (Docket No. 1). The movant presently is incarcerated at the United States Penitentiary (USP) in Atlanta, Georgia. He is currently serving a sentence of one hundred fifty-one (151) months imprisonment for distribution and possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1). *See United States v. Nunley*, No. 3:07-cr-00223-2 (M.D. Tenn. 2010)(Trauger, J.).

## I.  INTRODUCTION AND BACKGROUND

The movant is a federal prisoner at the United States Penitentiary (USP) in Atlanta, Georgia. He brings this action under 28 U.S.C. § 2255.

The Grand Jury returned the Third Superseding Indictment (hereinafter referred to as "the indictment") against the movant and his co-defendant Reggie Jackson in Case No. 3:07-223-2 on January 13, 2010. (Crim. Docket No. 121).

The movant was named in four counts of the indictment. Count One charged him with conspiring to possess with intent to distribute and to distribute fifty grams or more of a mixture and substance containing a detectable amount of cocaine base, that is, crack cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), all in violation of Title 21, United States Code, Section 846. Count Two charged him with possessing with intent

to distribute and distributing a quantity of a mixture and substance containing a detectable amount of cocaine base, that is, crack cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1). Count Four charged him with possessing with intent to distribute and distributing 5 grams or more of a mixture and substance containing a detectable amount of cocaine base, that is, crack cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2. Count Five charged him with possessing with intent to distribute and distributing 50 grams or more of a mixture and substance containing a detectable amount of cocaine base, that is, crack cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2. (*Id.*)

On March 2, 2010, the movant pleaded guilty to Count Two of the indictment pursuant to a plea agreement with the United States. (Crim. Docket No. 141). The court reserved acceptance of the plea and the plea agreement at that time. (*Id.*)

In the plea agreement, the movant acknowledged for purposes of determining his relevant conduct pursuant to Section 1B1.3 of the United States Sentencing Guidelines ("U.S.S.G.") that he was responsible for at least 150 grams but less than 500 grams of crack cocaine. (Plea agreement, ¶ 8.d.). The parties agreed that the amount of crack cocaine for which the movant was responsible resulted in a base offense level of 32 pursuant to Section 2D1.1 of the U.S.S.G. (Plea agreement, ¶ 10.a.i.).

The parties further agreed that, pursuant to U.S.S.G. § 4B1.1, the movant was a Career Offender because he was at least eighteen (18) years old at the time of the offense to which he pleaded guilty, the offense of conviction was a felony that was a controlled substance offense, and movant had at least two prior felony convictions of a controlled substance offense. (*Id.*) The parties agreed that, pursuant to Section 4B1.1(b), because the movant was a Career Offender, his base

2

offense level pursuant to Section 4B1.1 would be the same as if his base offense level were calculated based upon the amount of crack cocaine for which he agreed he was responsible -level 32. (*Id*.) Therefore, whether based upon his relevant conduct or his status as a Career Offender, the movant's base offense level would be level 32. (*Id*.)

The parties also agreed in the plea agreement that because movant was a Career Offender, his Criminal History Category was Category VI. (Plea agreement, ¶ 10.b.). After receiving a three-level reduction for acceptance of responsibility, the movant's adjusted offense level was 29, which was the Recommended Offense Level the parties agreed to in the plea agreement. (*Id*. ¶ 10.c.). Combined with his Criminal History Category of VI, his applicable guideline range was 151 to 188 months.

Pursuant to the plea agreement, the parties agreed that the movant was free to recommend any sentence. (Plea agreement, ¶18). However, the United States agreed to recommend the bottom of the applicable guideline range, 151 months. (*Id.*) The movant waived his right to appeal any sentence within or below the guideline range associated with the Recommended Offense Level. (*Id. ¶. 26*).

Pursuant to Title 21, U.S.C., Section 841(b)(1)(C), the maximum term of imprisonment for the movant's conviction on Count Two was twenty (20) years. There was no statutory mandatory minimum sentence for a conviction on Count Two.

On June 1, 2010, at a hearing on the United States's motion to revoke the movant's pretrial release, the court accepted the movant's guilty plea pursuant to his plea agreement. (Crim. Docket No. 166). The court also ordered the movant to be taken into custody at that time. (*Id.*)

The movant's sentencing hearing was held on June 17, 2010. (Crim. Docket No. 169). At that time, the movant acknowledged that his Pre-Sentence Investigation Report ("PSR") had been read to him word for word. (Docket No. 18, Ex. 2 at p.2). One of movant's attorneys, Frank

Lannom, advised the court that there were no issues in dispute with respect to the PSR. (*Id*.)

A second attorney for the movant, Jack D. Lowery, then announced to the court that based upon discussions between the movant's attorneys, the movant, and the government, the parties would jointly recommend the sentence recommended in the PSR - 151 months. (*Id.* at p.3). Mr. Lowery stated that, if the court was willing to accept that recommendation, then the movant would not call any witnesses to testify at his sentencing hearing. (*Id*.) The court then asked what the United States's position was, and the prosecutor stated that, if the court would accept the joint recommendation of a sentence of 151 months, then the United States would also not call any witnesses to testify. (*Id.* at pp. 3-4).

In response to counsel's statements to the court, the court then asked the movant, "Mr. Nunley, do you understand what's going on?" (*Id.* at p. 4). The movant replied, "Yes, ma'am, I do." (*Id.*) The court then asked the movant, "And are you agreeable to this procedure where the government will not get into your phone calls from the jail and you will be recommending that I sentence you to 151 months as opposed to something else; is that what you're agreeable to?" (*Id*.) The movant replied, "Yes, ma'am." (*Id.*) The court stated it was willing to accept the parties' joint recommendation of a sentence of 151 months. (*Id*.)

The court then found that the movant's offense level was 29, his Criminal History Category was VI because he was a Career Offender, and that his resulting guideline range was 151 to 188 months imprisonment. (Id. at p. 5). The court advised the movant that he could address the court but the movant declined to do so. (*Id.* at p. 6). The court then accepted the joint recommendation for a sentence of 151 months and imposed that term of imprisonment, followed by a three-year term of supervised release. (*Id*.)

Following imposition of the sentence, the court asked whether either party had any objections to the sentence that previously had not been raised. Counsel for both parties stated that

4

they did not. (*Id.* at 8). The court then advised the movant that, to the extent he retained the right to appeal his sentence, he had fourteen days to file an appeal. (*Id.*) The court also advised the movant that he could apply to file an appeal as a pauper and the clerk of the court would file it on his behalf if he requested the clerk to do so. (*Id.*) The court entered the movant's judgment on June 21, 2010. (Crim. Docket No. 172).

On October 25, 2010, over four months after his sentencing hearing, the movant filed a motion requesting that he be permitted to file an "Out-of-Time Appeal." (Crim. Docket No. 191). In that motion, the movant claimed he had asked his attorneys to file a notice of appeal on his behalf. However, the movant did not say when he made that request, why he made that request, or which of the three attorneys who had appeared on his behalf he had asked to file an appeal.

The United States filed a response stating, in sum, that the movant's plea agreement prohibited him from filing an appeal because his sentence was within the applicable guideline range and that the three attorneys who had represented him in the underlying case -- Jack D. Lowery, Frank Lannom, and Melanie Bean--had all advised the United States that the movant never requested any of them file an appeal on his behalf. (Crim. Docket No. 192). The court denied the movant's request to file a late appeal, stating, "[t]he court finds neither excusable neglect nor good cause for extending the appeal deadline, and the motion comes too late under Rule 4(b)(4), Rules of Appellate Procedure." (Crim. Docket No. 197).

The movant then filed a reply to the United States's response. (Crim. Docket No. 200). The court stated it was treating the reply as a motion to reconsider the court's denial of the motion to file a late appeal and denied it. (Crim. Docket No. 201).

The movant filed a timely § 2255 action on March 31, 2011. Rule 3(d), Rules – Section 2255 Proceedings. He raises four grounds for relief: (1) his attorneys were ineffective because he requested them to file an appeal on his behalf but they did not file an appeal; (2) his attorneys were

5

ineffective because they were not aware of Amendment 706 to the U.S.S.G; (3) his attorneys were ineffective because they did not object to flaws in the indictment; and (4) his attorneys were ineffective regarding whether the movant was sentenced under Section 2D1.1 or Section 4B1.1 of the U.S.S.G. (Docket Nos. 1 and 2).

Upon its receipt, the court conducted a preliminary examination of the motion and determined that the movant had stated a colorable claim for relief. Accordingly, the court entered an order on April 14, 2011, directing the respondent to answer or otherwise respond to the motion. (Docket No. 3). The respondent filed a response, requesting that the court deny the motion and dismiss the action. (Docket No. 18). The movant filed a reply in opposition to the respondent's motion to dismiss. (Docket No. 20). The movant has also filed a motion to amend his petition. (Docket No. 21).

The movant has requested an evidentiary hearing. (Docket No. 2 at p.3). It would be appropriate for the court to conduct an evidentiary hearing to resolve conflicting evidence as to whether the movant requested one of his attorneys to file an appeal. However, there is no conflicting evidence before the court. The movant has never specified when or to which of his attorneys he made his alleged request. Based upon the affidavits submitted by the movant's three attorneys, it appears likely that each attorney would testify consistent with his or her statement that the movant did not request him or her to file an appeal. Thus, upon consideration of the record, which is free of conflicting evidence on this point, the court concludes that an evidentiary hearing is not needed. *See Smith v. United States*, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is not entitled to relief). The court shall dispose of the petition as the law and justice requires. Rule 8, Rules — § 2255 Cases.

## II.     MOTION FOR APPOINTMENT OF COUNSEL

The movant has submitted a motion for appointment of counsel. (Docket No. 2). The

Supreme Court has held that "an indigent's right to appointed counsel . . . exists only where the litigant may lose his physical liberty if he loses the litigation." *Lassiter v. Dep't of Social Servs.*, 452 U.S. 18, 25 (1981). Thus, unlike criminal proceedings, there is no constitutional right to an appointed counsel in a civil action. *Willett v. Wells*, 469 F. Supp. 748, 751 (E.D. Tenn. 1977), *aff'd*, 595 F.2d 1227 (6th Cir. 1979); *see Williamson v. Autorama, Inc.,* No. 91-5759, 947 F.2d 947 (6th Cir. 1991)(citing *Willett* favorably).

The appointment of counsel for a civil litigant is a matter within the discretion of the district court and will occur only under exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993). In this instance, the movant has not set forth *any* reasons in support of his request for appointment of counsel. (Docket No. 2). The court is unaware of any exceptional circumstances warranting the appointment of counsel in this matter. Therefore, the movant's motion for the appointment of counsel will be **DENIED**.

### III. ANALYSIS

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, the court was without jurisdiction to impose such sentence, the sentence was in excess of the maximum authorized by law, or the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail on a § 2255 motion a movant "must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or an error so egregious that it amounts to a violation

of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir.1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir.1990) (internal quotations omitted)).

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the movant shows either (1) "cause" and "actual prejudice" or (2) "actual innocence." *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 621-22 (1998); *United States v. Frady*, 456 U.S. 152, 167-68 (1982).

An ineffective assistance of counsel claim, however, is not subject to the procedural default rule. *Massaro*, 538 U.S. at 504. An ineffective assistance of counsel claim may be raised in a collateral proceeding under § 2255, whether or not the movant could have raised the claim on direct appeal. *Id.*

To make out a claim of ineffective assistance of counsel, a movant must show that counsel's representation fell below an objective standard of reasonableness, and that counsel's deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686.

Because Mr. Nunley agreed in his plea agreement to waive certain rights to challenge his conviction or sentence on appeal or by collateral attack, the court first must address whether the movant's § 2255 claims are barred by his plea agreement. "A defendant may waive any right in a plea agreement, including a constitutional right, if the waiver is made knowingly and voluntarily." *United States v. Fleming*, 239 F.3d 761, 763-64 (6th Cir. 2001). The Sixth Circuit has held, in particular, that a movant's waiver by plea agreement of his right to collaterally attack his sentence is generally enforceable. *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007). However, waiver of collateral attack may be unenforceable "in cases where a defendant argues that his plea was not

knowing or voluntary, or was the product of ineffective assistance of counsel" because "it would be entirely circular for the government to argue that the defendant has waived his right to an appeal or a collateral attack when the substance of his claim challenges the very validity of the waiver itself." *Id.*

In neither his § 2255 motion (Docket No. 1) nor memorandum (Docket No. 2) does the movant specifically state what relief he seeks from the court. If the movant is still seeking the right to file an out-of-time appeal, the court already has denied that request. (Crim. Docket No. 197). Furthermore, the plea agreement states that Mr. Nunley "knowingly waives the right to appeal any sentence within or below the guideline range associated with the Recommended Offense Level when combined with movant's criminal history category as determined by the Court." (Plea agreement, ¶ 26). The movant was so sentenced and, therefore, could not have proceeded with an appeal alleging that his sentence should have been shorter.

The plea agreement also states that Mr. Nunley "also knowingly waives the right to challenge the sentence imposed in any collateral attack, including, but not limited to, a motion brought pursuant to 28 U.S.C. § 2255 and/or § 2241, and/or 18 U.S.C. § 3582(c). Such waiver does not apply, however, to a claim of involuntariness, prosecutorial misconduct, or ineffective assistance of counsel." (*Id.*) The movant has not alleged a claim of involuntariness or prosecutorial misconduct in either the motion or memorandum. Therefore, his only permissible basis for a claim of relief is a claim of ineffective assistance of counsel.

**A.   Attorneys' alleged failure to file a direct appeal on the movant's behalf**

First, the movant alleges that his attorneys were ineffective because they failed to file a direct appeal on his behalf. Specifically, the movant alleges: "I talked to my attorney and requested a[n] appeal but, Counsel did not file the notice of appeal after sentencing." (Docket No. 1 at p. 4). However, as the court has noted above, the movant's pleadings do not explain how, when, or why

9

or to which attorney the movant requested an appeal be filed on his behalf. (Docket Nos. 1 and 2).

The record in Mr. Nunley's criminal case shows that three attorneys entered an appearance on behalf of the movant with regard to federal charges. With its response to the movant's § 2255 petition, the respondent submitted affidavits of the movant's three attorneys: Jack D. Lowery, Frank Lannom, and Melanie Bean. (Docket No. 18, Collective Ex. 3). In summary, the affidavits describe the process by which the movant agreed to enter into his plea agreement, state the amount of crack cocaine for which the movant agreed to be responsible as relevant conduct, and explain that the movant is a Career Offender under the U.S.S.G. (*Id.*) The affidavits also describe how and why the movant's attorneys consulted with him regarding the decision to recommend to the court a sentence of 151 months rather than proceed with a contested sentencing hearing. (*Id.*) Mr. Lannom's affidavit also states that the movant contacted him in October 2010 to discuss which count of the indictment to which the movant had pleaded guilty. (*Id.*) Each attorney states in his or her affidavit that <u>at no time</u> did the movant request him or her to file an appeal on the movant's behalf. (*Id.*)

In the absence of <u>any</u> evidence from the movant supporting his alleged instruction to his attorney(s) to file an appeal, the court cannot find that any of the three attorneys who entered appearances on behalf of the movant acted in a constitutionally deficient manner in failing to file an appeal on the movant's behalf. *See Strickland*, 466 U.S. 668, 687-88 (1984). Moreover, as discussed above, the plea agreement to which the movant agreed specifically prohibited the movant from appealing "any sentence within or below the guideline range associated with the Recommended Offense Level when combined with movant's criminal history category as determined by the Court." (Plea agreement, ¶ 26). The court therefore concludes that the movant is not entitled to relief under § 2255 on this ground.

When the district court denies a ground for relief on the merits in a *habeas corpus* action,

a certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the standard being whether "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because the movant has not made a substantial showing of a constitutional right, a certificate of appealability will not issue with respect to the movant's claim that his attorneys were constitutionally ineffective for failing to file an appeal on behalf of the movant.

**B.     Attorneys' alleged failure to apply Amendment 706 at movant's sentencing**

As his second ground for relief in his § 2255 petition, the movant alleges that his attorneys were ineffective because they were not aware that Amendment 706 to the U.S.S.G. existed at the time of the movant's sentencing. (Docket Nos. 1 and 2). The movant contends that his attorneys could have argued for a lower sentence pursuant to 18 U.S.C.§ 3553(a) due to the mandatory minimum penalties based upon a 100:1 ratio of crack cocaine to powder cocaine in Section 841 which previously had been reflected in Section 2D1.1 of the U.S.S.G. when calculating base offense levels for the two types of cocaine. (Docket No. 2 at p.3).

On November 1, 2007, in recognition of the disparity between guideline calculations for crack cocaine versus powder cocaine, the United States Sentencing Commission promulgated Amendment 706, which effectively provides a two-level reduction in base offense levels for crack cocaine offenses under U.S.S.G. § 2D1.1. U.S. Sentencing Guidelines Manual app. C., Amend. 706 (2007). The Amendment had the effect of reducing some, but not all, crack cocaine sentences. The Commission made the amendment retroactively applicable. *Id.* § 1B1.10(c).

The movant's plea agreement clearly states that the November 1, 2009 edition of the U.S.S.G. applied to his case. (Plea agreement, ¶ 9). Therefore, the changes to the U.S.S.G. due to Amendment 706 were applied in calculating the movant's offense level based upon the amount of

11

crack for which he agreed he was responsible as relevant conduct. More specifically, the movant agreed in his plea agreement that he was responsible for at least 150 grams but less than 500 grams of cocaine base, that is, crack cocaine. (Plea agreement, ¶ 8).

Regarding that exact range of crack cocaine, Amendment 706 amended Section 2D1.1(c)(4) (which describes base offense level 32) so that the amount of crack cocaine which previously equaled base offense level 32 under Section 2D1.1 was increased from "At least 50 G but less than 150 G of Cocaine Base" to a higher amount, "At least 150 G but less than 500 G of Cocaine Base." (*See* U.S.S.G, Appendix C, pp. 226). Due to Amendment 706, in order for a base offense level 32 to apply, the minimum amount of crack cocaine a defendant had to be responsible for had increased threefold.

Amendment 706's change to Section 2D1.1(c)(4) was reflected in the November 1, 2009 edition of the U.S.S.G., the one used to calculate the movant's offense level. (U.S.S.G. Appendix C, p. 143). Based upon Amendment 706's changes and the amount of crack cocaine the movant agreed he was responsible for, the parties correctly agreed in the movant's plea agreement that the applicable base offense level for that amount was 32. (Plea agreement, ¶ 10.ai.).

Therefore, even if the court were to somehow find that the movant's attorneys were unaware of Amendment 706 – and there is no evidence to support such an assertion – their representation of the movant was not ineffective because Amendment 706 was in place at the time of the execution of the plea agreement and the amendment's changes to the Guidelines were applied in the movant's case.[1] The court finds that the movant is not entitled to relief on this ground.

When the district court denies a ground for relief on the merits in a *habeas corpus* action, a certificate of appealability "may issue . . . only if the applicant has made a substantial showing of

---

[1] In any event, the court sentenced the movant based upon his status as Career Offender, not based upon Section 2D1.1. The base offense level under both sections was identical.

12

the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the standard being whether "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because the movant has not made a substantial showing of a constitutional right, a certificate of appealability will not issue with respect to the the movant's claim that his attorneys were constitutionally ineffective for failing to apply Amendment 706 at the movant's sentencing.

**C.     Alleged flaws in the indictment**

As his third ground for relief in his § 2255 petition, the movant alleges that his attorneys were ineffective because (1) no specific amount of drugs were alleged in count two of the indictment (the count to which the movant pleaded guilty); (2) he should have been charged with a violation of Title 21 U.S.C. Section 844 instead of Section 841(a)(1); and (3) his sentence somehow violated *Apprendi v. New Jersey,* 530 U.S. 466 (2000). (Docket No. 2 at pp. 4-5).

The movant was not charged with mere possession of a controlled substance pursuant to Section 844 because he agreed that he possessed and *distributed* crack cocaine. In his plea agreement, the movant explicitly agreed to possessing and distributing *a specific amount* of crack cocaine as a factual basis for his guilty plea to Count Two of the indictment. The movant agreed that, on October 6, 2006, a confidential source purchased "approximately *one eighth of an ounce* of crack cocaine from the defendant for $150 at the Crosswinds Apartments in Lebanon, Tennessee." (Plea agreement, ¶ 8.c.)(emphasis added). In addition to agreeing he distributed a specific amount of crack cocaine on the date alleged in Count Two, the movant further agreed in the plea agreement that he was the source of supply of crack to co-defendant Reggie Jackson; that Jackson had sold crack cocaine to a confidential informant *on approximately ten occasions*; and that the amount of crack cocaine the confidential informant purchased from the movant and Jackson ranged from

13

*several grams to over 50 grams*. (Plea agreement, ¶ 8.b.). Those sales were the basis for the movant's agreeing that he was responsible for at least 150 but less than 500 grams of crack cocaine. (Plea agreement, ¶ 8.d.). Mr. Nunley does not now challenge the facts to which he agreed in the plea agreement. The court therefore finds that the movant was appropriately charged pursuant to Section 841(a)(1) instead of Section 844 and that his attorneys were not ineffective in failing to challenge the indictment as to this issue.

As to the movant's *Apprendi* argument, in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Supreme Court held that "[t]he Constitution requires that any fact that increases the penalty for a crime beyond the prescribed statutory maximum, other than the fact of a prior conviction, must be submitted to a jury and proved beyond a reasonable doubt." *Id*. at p. 466. An *Apprendi* issue could have arisen if Mr. Nunley contested the amount of drugs for which he was responsible and the court issued a finding as to an amount that increased the maximum penalty. However, Mr. Nunley did not contest the drug amount. The parties agreed in the plea agreement to the amount of crack cocaine for which the movant accepted responsibility. Therefore, the court did not have to make a finding as to the relevant amount of drugs for which the movant was responsible; consequently, *Apprendi's* holding was not implicated and the movant's attorneys did not err by failing to raise *Apprendi*. For all of the reasons discussed, the movant is not entitled to relief on this third ground of his petition.

When the district court denies a ground for relief on the merits in a *habeas corpus* action, a certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the standard being whether "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because the movant has not made a substantial

showing of a constitutional right, a certificate of appealability will not issue with respect to the the movant's claim that his attorneys were constitutionally ineffective due to alleged flaws in the indictment.

**D.     Application of Section 2D1.1 versus Section 4B1.1**

As his fourth ground for relief in his § 2255 petition, the movant alleges that his attorneys were ineffective regarding whether the movant was sentenced under Section 2D1.1 or Section 4B1.1 of the U.S.S.G. (Docket Nos. 1 and 2).

At the sentencing hearing, the court stated that the movant's offense level was 29 after a three-level decrease for acceptance of responsibility. (Sentencing hearing transcript, p. 5). The court then stated: "The criminal history category is a VI. It would be a V, but the defendant is a career offender. The resulting guideline range is 151 to 188 months." (*Id.*). Therefore, the court's finding that the movant was a Career Offender informed the movant and his attorneys that the court was applying Section 4B1.1 (Career Offender) when calculating the movant's Guidelines range.

The movant also claims that his plea agreement did not contain a reference to Section 4B1.1 and that the "non-tendered amount of drugs in the indictment" equals an offense level of 14. (Docket No. 2 at p. 5). In fact, the plea agreement did refer to Section 4B1.1 when discussing both Mr. Nunley's base offense level and his criminal history. (Plea agreement, ¶¶ 10a.i. and 10.b.). Similarly, as discussed above, even though the movant pleaded guilty to possessing and distributing only "a quantity" of crack cocaine, the movant further agreed he was responsible for an amount of crack cocaine as relevant conduct which equaled a base offense level of 32. (*See* Plea agreement, ¶ 8.b. & ¶ 8.c.).

The court finds that the movant's attorneys were not ineffective as alleged by the movant because the court correctly determined that the movant was a Career Offender and sentenced him

15

accordingly. Accordingly, the movant is not entitled to *habeas* relief on this ground.

When the district court denies a ground for relief on the merits in a *habeas corpus* action, a certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the standard being whether "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because the movant has not made a substantial showing of a constitutional right, a certificate of appealability will not issue with respect to the the movant's claim that his attorneys were constitutionally ineffective due to the court's sentencing of the movant pursuant to Section 4B1.1 versus Section 2D1.1.

### IV.     OTHER ARGUMENTS RAISED IN § 2255 MOTION

In addition to arguing that his attorneys were constitutionally ineffective, the movant raises some additional arguments in his § 2255 motion that must be addressed by the court.

First, the movant argues that Count Two of the indictment was not a felony. (Docket No. 1 at p. 5). However, the movant is mistaken. The maximum penalty pursuant to Section 841(b)(1)(C) was twenty (20) years imprisonment. A "felony drug offense" is defined in 21 U.S.C. § 802(44) as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a state or foreign country that prohibits or restricts conduct relating to narcotic drugs, marijuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44). Further, Mr. Lannom's affidavit states that he had advised the movant that Count Two was a felony. (Affidavit of Lannon, Docket No. 18-3, at p.2).

Second, the movant also appears to argue that he is not a Career Offender in his Motion. (Docket No. 1 at p. 5). However, the movant agreed in his plea agreement that he had at least two

prior qualifying felony controlled substance offense convictions. (Plea agreement, p. 6, ¶ 10.a.i.). The movant did not object to the court's finding he was a Career Offender or sentencing him as a Career Offender at his sentencing hearing. (Sentencing hearing transcript, pp. 5-6, 8). Unless the movant can somehow demonstrate he did not have the qualifying convictions, this argument lacks merit.

V.     **MOTION TO AMEND**

After the respondent filed its answer to the movant's § 2255 motion, the movant filed a motion to amend his § 2255 motion to allege two additional claims for relief. (Docket No. 21 at p. 2). "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is filed . . . ." Rule 15(a), Fed. R. Civ. P., *see Hodges v. Rose*, 570 F.2d 643, 649 (6th Cir.1978) ("Amendment of a petition for habeas corpus is governed by 'the rules of procedure applicable to civil actions.'")  "Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party . . . ." Rule 15(a), Fed. R. Civ. P.

Leave to amend a complaint "shall be freely given when justice so requires," *Id.; see Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995), and should not be denied unless there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility, *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998(citing *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose*, 203 F.3d at 420 (*citing Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 382-83 (6th Cir. 1993).

Here, the movant's motion to amend requests permission to add two claims that challenge the indictment. Specifically, the movant wishes to add claims that the indictment failed "to state or charge an offense against the United States" and that the movant "was not charged under the Penalty Provision of Paragraph B of Title 21 USC 846 and 841 (a)(1)." (Docket No. 21 at p. 2).

17

As noted earlier, Mr. Nunley agreed in his plea agreement to waive certain rights to challenge his conviction or sentence on appeal or by collateral attack. As a result, his only permissible basis for a claim of relief is a claim of ineffective assistance of counsel. The claims Mr. Nunley wishes to add to his original motion for *habeas corpus* relief are not ineffective assistance of counsel claims; therefore, the movant has waived his right to assert those claims in this collateral proceeding. As such, the requested amendment would be futile, *see Rose*, 203 F.3d at 420 (*citing Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 382-83 (6th Cir. 1993), and the court will deny the motion to amend.

## VI. CONCLUSION

For the reasons explained herein, the movant's motion for appointment of counsel will be denied. Likewise, the movant's motion to amend will be denied. Finally, the movant's § 2255 motion for *habeas corpus* relief will be denied, and this action will be dismissed. A certificate of appealability will not issue as to any of the movant's claims.

An appropriate Order will be entered.

_____
Aleta A. Trauger
United States District Judge